Robert J. Brown (RB-9131)
Fred G. Wexler (FW-7015)
BROWN GAVALAS & FROMM LLP
555 Fifth Avenue, 3rd Floor
New York, New York 10017
(212)983-8500

Attorneys for N. 40, INC. d/b/a CAWLEY'S AVIATION
SERVICE (s/h/a Tom Cawley's Aviation Service, LTD.
d/b/a Cawley's Aviation Service and N.40, Inc.),
Thomas P. Cawley and Michael L. Travis

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
VESTER HARRISON ROBISON, III; and LASER        Case No.: 17 cv 0344 (VLB)(PED)
MAPPING SPECIALISTS, INC.

         Plaintiffs,

                  **ANSWER**

   -against-

TOM CAWLEY'S AVIATION SERVICE, LTD. d/b/a
CAWLEY'S AVIATION SERVICE; THOMAS P.
CAWLEY; N.40, INC., MICHAEL L. TRAVIS; TRIAD
AVIATION, INC., TRIAD ENGINES, PARTS &
SERVICES, INC., GIBSON & SONS, INC. d/b/a GIBSON
AVIATION; and GIBSON AVIATION, LLC d/b/a GIBSON
AVIATION

         Defendants.
------------------------------------------------------------------------X

   Defendants, N. 40, INC. d/b/a CAWLEY'S AVIATION SERVICE (s/h/a Tom Cawley's

Aviation Service, LTD. d/b/a Cawley's Aviation Service and N.40, Inc.), Thomas P. Cawley and

Michael L. Travis, by their attorneys, as and for its Answer to the Complaint of the plaintiffs,

allege, upon information and belief, as follows:

## AS TO THE SECTION OF THE VERIFIED COMPLAINT TITLED
## <u>PARTIES</u>

1. Answering defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 of the Verified Complaint.

2. Answering defendant lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2 of the Verified Complaint.

3. Answering defendants deny all of the allegations contained in paragraph 3 of the Verified Complaint.

4. Answering defendants deny all of the allegations contained in paragraph 4 of the Verified Complaint.

5. Answering defendants deny all of the allegations contained in paragraph 5 of the Verified Complaint.

6. Answering defendants deny all of the allegations contained in paragraph 6 of the Verified Complaint.

7. Answering defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7 of the Verified Complaint.

8. Answering defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 of the Verified Complaint.

9. Answering defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 of the Verified Complaint.

10. Answering defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of the Verified Complaint.

## AS TO THE SECTION OF THE VERIFIED COMPLAINT TITLED
## JURISDICTION AND VENUE

11.     Answering defendants deny all of the allegations contained in paragraph 11 of the Verified Complaint and refer all issues of law to the Court for determination at the time of trial.

12.     Answering defendants deny all of the allegations contained in paragraph 12 of the Verified Complaint and refer all issues of law to the Court for determination at the time of trial.

13.     Answering defendants deny all of the allegations contained in paragraph 13 of the Verified Complaint.

## AS TO THE SECTION OF THE VERIFIED COMPLAINT TITLED
## PERTINENT FACTS

14.     Answering defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 of the Verified Complaint.

15.     Answering defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of the Verified Complaint.

16.     Answering defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 of the Verified Complaint.

17.     Answering defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 of the Verified Complaint.

18.     Answering defendants deny all of the allegations contained in paragraph 18 of the Verified Complaint.

19.     Answering defendants deny all of the allegations contained in paragraph 19 of the Verified Complaint.

20. Answering defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20 of the Verified Complaint.

21. Answering defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 21 of the Verified Complaint.

22. Answering defendants deny all of the allegations contained in paragraph 22 of the Verified Complaint.

### AS TO THE SECTION OF THE VERIFIED COMPLAINT TITLED
### AS AND FOR A FIRST CAUSE OF ACTION

23. Answering defendants repeat, reiterate and reallege each and every answer to paragraph 1 through 22 of the Verified Complaint as if same were more fully set forth at length herein.

24. Answering defendants deny all of the allegations contained in paragraph 24 of the Verified Complaint and refer all issues of law to the Court for determination at trial.

25. Answering defendants deny all of the allegations contained in paragraph 25 of the Verified Complaint.

26. Answering defendants deny all of the allegations contained in paragraph 26 of the Verified Complaint.

27. Answering defendants deny all of the allegations contained in paragraph 27 of the Verified Complaint.

### AS TO THE SECTION OF THE VERIFIED COMPLAINT TITLED
### AS AND FOR A SECOND CAUSE OF ACTION

28. Answering defendants repeat, reiterate and reallege each and every answer to paragraphs 1 through 27 of the Verified Complaint as if same were more fully set forth at length herein.

29. Answering defendants deny all of the allegations contained in paragraph 29 of the Verified Complaint.

30. Answering defendants deny all of the allegations contained in paragraph 30 of the Verified Complaint.

### AS TO THE SECTION OF THE VERIFIED COMPLAINT TITLED
### AS AND FOR A THIRD CAUSE OF ACTION

31. Answering defendants repeat, reiterate and reallege each and every answer to paragraphs 1 through 30 of the Verified Complaint as if same were more fully set forth at length herein.

32. Answering defendants deny all of the allegations contained in paragraph 32 of the Verified Complaint.

33. Answering defendants deny all of the allegations contained in paragraph 33 of the Verified Complaint.

34. Answering defendants deny all of the allegations contained in paragraph 34 of the Verified Complaint.

35. Answering defendants deny all of the allegations contained in paragraph 35 of the Verified Complaint.

### AS TO THE SECTION OF THE VERIFIED COMPLAINT TITLED
### AS AND FOR A FOURTH CAUSE OF ACTION

36. Answering defendants repeat, reiterate and reallege each and every answer to paragraphs 1 through 35 of the Verified Complaint as if same were more fully set forth at length herein.

37. Answering defendants deny all of the allegations contained in paragraph 37 of the Verified Complaint.

38. Answering defendants deny all of the allegations contained in paragraph 38 of the Verified Complaint.

39. Answering defendants deny all of the allegations contained in paragraph 39 of the Verified Complaint.

40. Answering defendants deny all of the allegations contained in paragraph 40 of the Verified Complaint.

41. Answering defendants deny all of the allegations contained in paragraph 41 of the Verified Complaint.

42. Answering defendants deny all of the allegations contained in paragraph 42 of the Verified Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim against answering defendant upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Answering defendant had no authority over, and is not responsible for, the acts, omissions or negligence of co-defendants, Triad Engines, Parts & Services, Inc., Gibson & Sons, Inc. d/b/a Gibson Aviation and Gibson Aviation, LLC d/b/a Gibson Aviation.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The within action should be dismissed pursuant to the doctrine of forum non conveniens.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

If the injuries and damages were sustained by the plaintiffs at the time and place and in the manner alleged in the Complaint, such injuries and damages are attributable, in whole or in part, to the culpable conduct of the plaintiffs.

If any damages are recoverable against said defendants, the amount of such damages shall be diminished in the proportion which the culpable conduct attributable to the plaintiffs bear to the culpable conduct, if any, of said defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

If the answering defendant is found liable, such liability is less than or equal to 50% of the total liability of all persons who may be found liable and, therefore, this answering defendant's liability shall be limited to its equitable share, pursuant to CPLR Article 16.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

This action should be dismissed based on payment to plaintiff or its agent for the damages sought in this matter.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

All risks and dangers connected with the situation at the time and place mentioned in the Complaint were open, obvious and apparent and were known to and assumed by the plaintiff.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Any past or future costs or expenses incurred or to be incurred by the plaintiff(s) for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss, has been or will, with reasonable certainty, be replaced or indemnified in whole or in part from a collateral source as defined in CPLR §4545 (c).

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

The injuries alleged, all of which are denied by this answering defendant, were caused by the intervening, interceding and superseding acts of plaintiffs, and therefore the damages recovered by the plaintiffs, if any, should be diminished or reduced in the proportion to said culpable conduct which caused the damages.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

This action should be dismissed based on payment to plaintiff or its agent for the damages sought in this matter.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

This action is barred by the doctrines of laches, estoppel and waiver.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

This action should be dismissed the claims and/or damages being sought by plaintiffs have previously been released.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

This action should be dismissed for accord and satisfaction.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

This action should be dismissed for failure to join necessary and indispensable parties in the event discovery reveal such persons or entities.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' state law claims are preempted by federal statute including, but not limited to, the General Aviation Revitalization Act and the Federal Aviation Act and its applicable regulations.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to support an award of punitive damages and thus, any claim for punitive damages should be dismissed.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages is barred or limited by the Due Process Clause of the 5th and 14th Amendment of the United States Constitution or by any other potentially applicable law.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages under any state law constitutes cruel and unusual punishment and excessive fines under the 5th, 8th and 14th Amendments of the United States Constitution.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred in whole or in part by the applicable statutes of limitations and/or repose.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

Answering defendants are entitled to a set-off pursuant to GOL §15-108 for the proportional share of any settling tortfeasor's percentage of liability or the amount paid by the settling tortfeasor, whichever is greater.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

This action should be dismissed for insufficient service of process.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and/or limited by the provisions of any application warranties, waivers and/or disclaimers of liability, rights, claims and/or remedies.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

Answering defendants reserve the right to amend and supplement its Verified Answer to add affirmative defenses as necessary based on information obtained during investigation and/or discovery.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

Answering defendants hereby incorporate by reference any and all affirmative defenses asserted by co-defendants in their respective Answers to the plaintiffs' First Amended Verified Complaint.

## CROSSCLAIM FOR CONTRIBUTION

Defendant hereby crossclaims for contribution against Triad Engines, Parts & Services, Inc., Gibson & Sons, Inc. d/b/a Gibson Aviation and Gibson Aviation, LLC d/b/a Gibson Aviation.

## CROSSCLAIM FOR COMMON LAW INDEMNIFICATION

Under the facts existing in this case, the answering defendants are entitled to common law indemnification for any and all sums of money, plus costs and counsel fees, from Triad Engines, Parts & Services, Inc., Gibson & Sons, Inc. d/b/a Gibson Aviation and Gibson Aviation, LLC d/b/a Gibson Aviation.

*[remainder of the page intentionally left blank]*

WHEREFORE Answering Defendants respectfully request that the Complaint be dismissed with prejudice together with costs and disbursements of this action and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
       June 12, 2017

                                Respectfully Submitted,

                                BROWN GAVALAS & FROMM LLP

                                /S/ Fred G. Wexler
                              _____
Robert J. Brown (RB-9131)
Fred G. Wexler (FW-7015)
555 Fifth Avenue, 3rd Floor
New York, New York 10017
(212)983-8500

Attorneys for Defendants, N. 40, INC. d/b/a CAWLEY'S AVIATION SERVICE (s/h/a Tom Cawley's Aviation Service, LTD. d/b/a Cawley's Aviation Service and N.40, Inc.), Thomas P. Cawley and Michael L. Travis,

TO:

Hunter J. Shkolnik, Esq.
F. Phillip Peche, Esq.
Napoli Shkolnik, PLLC
Attorneys for Plaintiffs
360 Lexington Avenue
New York, New York 10017
(212)397-1000

Wayne E. Ferrell, Jr., Esq.
Law Office of Wayne Ferrell, PLLC
Attorneys for Plaintiffs
405 Tombigbee St., PO Box 24448
Jackson, MS 39225
(601)969-4700

Louis R. Martinez, Esq.
Martinez & Ritorto, P.C.
Attorneys for Defendant, Triad Engines, Parts & Services, Inc.
30 Wall Street, 8th Floor
New York, New York 10005
(212)248-0800