UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
VESTER HARRISON ROBISON, III; and
LASER MAPPING SPECIALISTS, INC.,

                Plaintiffs,

v.

TOM CAWLEY'S AVIATION SERVICE, LTD.
d/b/a CAWLEY'S AVIATION SERVICE;
THOMAS P. CAWLEY; N.40., INC; MICHAEL
L. TRAVIS; TRIAD AVIATION, INC.; TRIAD
ENGINES, PARTS & SERVICES, INC.;
GIBSON & SONS, INC. d/b/a GIBSON
AVIATION; and GIBSON AVIATION, LLC
d/b/a GIBSON AVIATION,

                Defendants.
--------------------------------------------------------------x

**OPINION AND ORDER**

17 CV 3440 (VB)

Briccetti, J.:

    Plaintiffs Vester Harrison Robison, III, and Laser Mapping Specialists, Inc., bring this action against defendants Tom Cawley's Aviation Service, Ltd. d/b/a Cawley's Aviation Service, Thomas P. Cawley, N.40., Inc., Michael L. Travis, Triad Aviation, Inc., Triad Engines, Parts & Services, Inc., Gibson & Sons, Inc. d/b/a Gibson Aviation, and Gibson Aviation, LLC d/b/a Gibson Aviation, asserting claims for negligence and breach of contract.

    On May 9, 2017, this case was removed from the Supreme Court of the State of New York, County of Dutchess, to this Court. (Doc. #1).

    Now pending is plaintiffs' motion to remand the case to state court. (Doc. #18).

    For the following reasons, the motion to remand is GRANTED and the application for costs and attorneys' fees is DENIED.

    The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## BACKGROUND

In considering the motion to remand, the Court accepts as true all relevant allegations in the complaint and construes all factual ambiguities in favor of plaintiffs. See Fed. Ins. Co. v. Tyco Int'l Ltd., 422 F. Supp. 2d 357, 391 (S.D.N.Y. 2006).

Plaintiff Vester Harrison Robison, III, is a natural person domiciled in Raymond, Mississippi. Plaintiff Laser Mapping Specialists, Inc., is a corporation with its principal place of business in Raymond, Mississippi. Defendant Tom Cawley's Aviation Service, Ltd., is a corporation with its principal place of business in LaGrangeville, New York. Defendant Thomas P. Cawley is a natural person doing business in LaGrangeville, New York. Defendant N.40., Inc., is a corporation with its principal place of business in LaGrangeville, New York. Defendant Michael L. Travis is a natural person domiciled in Pleasant Valley, New York. Defendants Triad Aviation, Inc., and Triad Engines, Parts & Services, Inc. (the "Triad defendants"), are corporations each with its principal place of business in North Carolina. Defendants Gibson & Sons, Inc., and Gibson Aviation, LLC (the "Gibson defendants"), are corporations each with its principal place of business in Oklahoma.

Plaintiffs allege defendants performed faulty maintenance on an airplane that subsequently crashed on April 11, 2014, injuring Robison and damaging the plane and its on-board computer mapping equipment. Plaintiffs bring state law claims sounding in breach of contract and negligence. The Triad defendants removed this case to federal court based on diversity jurisdiction and federal question jurisdiction as defendants assert the claims may implicate the Federal Aviation Act, 49 U.S.C. § 40101 et seq. ("FAA").

## DISCUSSION

I.   Legal Standard

A defendant may remove to federal court "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A district court has subject matter jurisdiction over removed cases "arising under" federal law for purposes of 28 U.S.C. § 1331, "when the plaintiff's well-pleaded complaint raises an issue of federal law." New York v. Shinnecock Indian Nation, 686 F.3d 133, 138 (2d Cir. 2012) (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987)). A district court also has subject matter jurisdiction over removed cases in which the matter in controversy exceeds $75,000 and the controversy is between citizens of different states. 28 U.S.C. § 1332.

A party may remove a case from state court to federal court only if the action is one over which the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). The rules regarding removal are to be strictly construed. In re Methyl Tertiary Butyl Ether Prods. Liab. Litig., 342 F.Supp.2d 147, 151 (S.D.N.Y. 2004). "[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009) (internal quotation marks omitted). Thus, the party invoking the Court's jurisdiction bears the burden of establishing that jurisdiction exists. Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009).

II.   The Motion to Remand

The Triad defendants primarily argue removal was proper and the motion to remand should be denied because the forum defendant rule and rule of unanimity do not apply when service is not recorded on the state docket.

3

The Court disagrees.

A.     <u>Consent of All Defendants and Service of Process</u>

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). This consent requirement is referred to as "the rule of unanimity." <u>Stop & Shop Supermarket Co., LLC v. Goldsmith</u>, 2011 WL 1236121, *2 (S.D.N.Y. Mar. 31, 2011). The rule of unanimity does not apply, however, when "the non-joining defendants have not been served with service of process at the time the removal petition is filed." <u>Varela v. Flintlock Construction, Inc.</u>, 148 F.Supp2d 297, 300 (S.D.N.Y. 2001) (citing <u>Ell v. S.E.T. Landscape Design, Inc.</u>, 34 F. Supp.2d 188, 194 (S.D.N.Y 1999)).

Here, the Triad defendants filed the notice of removal under 28 U.S.C. § 1441(a) on May 9, 2017; therefore, all defendants joined and served as of May 9, 2017, must have either joined in or consented to the removal under 28 U.S.C. § 1446(b)(2)(A).

The Triad defendants assert that removal was proper because they did not know who had been served, since plaintiffs failed to file all proofs of service on the docket. Filing proof of service on the docket does not determine whether there was proper service to determine which defendants must consent to removal. See <u>Anglada v. Roman</u>, 2006 WL 3627758, at *1 (S.D.N.Y. Dec. 12, 2006) (plaintiff's failure to file proof of service on docket did not create an exception to the consent requirement for all defendants).

New York law governs what "properly joined and served" means for purposes of 28 U.S.C. § 1441(b). <u>Stop & Shop Supermarket Co., LLC v. Goldsmith</u>, 2011 WL 1236121, *5 (S.D.N.Y. Mar. 31, 2011). Under Section 308(1) of the New York Civil Practice Law Rules, for individuals who are served in person, service is proper at the time of service. When an

4

individual is served by substitute service, service is proper twenty days after the filing of proof of service. CPLR § 308(2). Lastly, when a corporation is served, service is proper at the time any "agent authorized by appointment or by law to receive service" receives service. CPLR § 311(a)(1).

The Court analyzes service on each defendant in turn. Plaintiffs served two corporate defendants, Tom Cawley's Aviation Service, Ltd., and N.40., Inc., on April 20, 2017. Because these defendants are corporations, service immediately became proper on April 20, 2017, under CPLR § 311(a)(1). (Doc. #19-2). The Triad and Gibson defendants are also corporations, and were all served on April 19, 2017 (id.); the same day service was perfected under CPLR § 311(a)(1). Plaintiffs served Thomas P. Cawley by substitute service on April 20, 2017. (Id.). Because Cawley is an individual and substitute service was used, service on him did not become proper under CPLR § 308(2) until twenty days after the proof of service was filed.[1] Plaintiffs served Michael L. Travis in person on April 22, 2017, and, in accordance with CPLR § 308(1), service was immediately proper. (Id.).

Without counting the Triad defendants, who removed this case, at minimum, by April 22, 2017, five of the six other defendants were properly joined[2] and served for purposes of the rule of unanimity. Because none of those five defendants consented to removal, removal was improper.[3]

---

[1] The parties contest the sufficiency of service with respect to Cawley, but that disagreement need not be resolved because there are other properly served defendants for purposes of the rule of unanimity and the forum defendant rule.

[2] The Triad defendants do not assert that any defendant was fraudulently joined.

[3] Counsel for the Triad defendants attests that on June 14, 2017, counsel for N.40., Inc., Tom Cawley's Aviation Service, Ltd., Thomas P. Cawley, and Michael L. Travis "confirmed that, provided the instant removal was proper, all of his clients consent to litigating the subject action in the Southern District of New York." (Doc. #13). Plaintiffs argue this qualified

Removal was also improper because there are at least three properly joined and served New York defendants. "When federal-court jurisdiction is predicated on the parties' diversity of citizenship, see § 1332, removal is permissible 'only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action [was] brought.'" Lincoln Prop. Co. v. Roche, 546 U.S. 81, 83–84 (2005) (citing 28 U.S.C. § 1441(b)). The same service exception to the rule of unanimity, described above, applies to this so-called "forum defendant rule." In re IntraLinks Holdings, Inc. Derivative Litig., 2013 WL 929836, at *1 (S.D.N.Y. Mar. 11, 2013) ("[P]arties not 'properly joined and served' are disregarded for the purpose of the forum defendant rule.").

Thomas P. Cawley, Tom Cawley's Aviation Service, Ltd., Michael L. Travis, and N.40., Inc., are citizens of New York. Even disregarding Cawley's contested service, see n. 1 supra, as explained above, the Court finds at least three of the New York defendants were "properly joined and served" in this action. Because the suit was originally brought in New York State Court and there are at least three properly joined and served New York defendants, the forum defendant rule applies, thus rendering removal improper.

B. Preemption of Plaintiffs' Claims

As an alternate ground for removal, the Triad defendants argue plaintiffs' claims give rise to federal question jurisdiction because the claims are preempted by the Federal Aviation Act, 49 U.S.C. § 40101 et seq. That argument is unavailing.

State law claims cannot ordinarily be removed to federal court based on a preemption defense except "[w]hen federal common or statutory law so utterly dominates a preempted field

---

statement is not sufficient to show defendants consented to the removal. The Court need not resolve this issue because the Gibson defendants never consented and thus the rule of unanimity is still not satisfied.

that all claims brought within that field necessarily arise under federal law, [so that] a complaint purporting to raise state law claims in that field actually raises federal claims." Marcus v. AT&T Corp., 138 F.3d 46, 53 (2d Cir. 1998). Preemption, therefore, turns on whether a federal statute provides the "exclusive cause of action" for the asserted state law claim. See Sullivan v. Am. Airlines, Inc., 424 F.3d 267, 275 (2d Cir. 2005) (citing Beneficial Nat'l Bank v, Anderson, 539 U.S. 1, 9 (2003)).

The Triad defendants argue the FAA provides the standard of care against which to compare the airplane maintenance performed by defendants. This does not create federal question jurisdiction. See e.g., In re: Air Crash near Clarance Ctr., 2010 U.S. Dist. LEXIS 130846, at *34 (W.D.N.Y. Dec. 12, 2010) (FAA did not completely preempt state law tort claims for negligent maintenance and breach of contract).

Moreover, any anticipated defense that defendants adhered to FAA standards does not create federal question jurisdiction either. Absent complete preemption, "a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987). Thus, even if the standard of care is the central issue for the negligence claims, and defendants assert the FAA provides that standard, such a defense does not create federal question jurisdiction.

III.  Costs

Plaintiffs argue they are entitled to costs and attorneys' fees associated with bringing this motion.

The Court disagrees.

"[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Here, although the Triad defendants' arguments are unavailing, it was not objectively unreasonable for defendants to assert exceptions to the rule of unanimity and forum defendant rule for reasons of defective service, nor was it objectively unreasonable to argue that federal jurisdiction exists over an aviation matter.

**CONCLUSION**

Plaintiffs' motion to remand is GRANTED and the application for costs and attorneys' fees is DENIED.

The Clerk is instructed to terminate the pending motion (Doc. #18) and remand this case to the Supreme Court of the State of New York, County of Dutchess.

Dated: October 6, 2017
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge